UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THEODORE R. LITTLEJOHN,

    Plaintiff,

v.                                CASE NO. 8:18-cv-1244-T-23TGW

PINELLAS COUNTY SHERIFF'S
  OFFICE,

    Defendant.

_____/

**O R D E R**

Littlejohn's complaint alleges that his civil rights were violated when his
"walker" was not returned to him before he was transferred from the Pinellas County
jail to the Florida Department of Corrections ("DOC"). Littlejohn neither moved
for leave to proceed *in forma pauperis* nor paid the full $400 filing fee. Nevertheless,
under either 28 U.S.C. § 1915(e) (if proceeding *in forma pauperis*) or 28 U.S.C.
§ 1915A (if the full filing fee is paid), a district court is required both to review the
complaint and to dismiss the complaint if frivolous, malicious, or failing to state a
claim on which relief can be granted. Although the complaint is entitled to a
generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se*
complaint lacks merit under this standard.

Littlejohn represents that he uses the aid of a "walker," which was provided to
him by the Veteran's Administration, and that his "walker," his clothes, and a watch

were confiscated when he was "booked" into the Pinellas County jail. Littlejohn

discloses that he was provided a wheelchair while detained in the jail. Littlejohn

alleges that none of his property was returned to him when he was transferred from

the jail to the DOC and that, because he lacked the support of his "walker," he fell

down some steps at the DOC reception center. Littlejohn requests the return of his

"walker" and compensation for his pain and suffering. For several reasons,

Littlejohn fails to state a claim that he can pursue in a civil rights action.

First, Littlejohn asserts no due process violation because the state provides a

remedy — an action in small claims court — for addressing the alleged failure to

return his personal property. *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), teaches

that a post-deprivation remedy satisfies the requirements of due process.

> Although he has been deprived of property under color of
> state law, the deprivation did not occur as a result of some
> established state procedure. Indeed, the deprivation occurred
> as a result of the unauthorized failure of agents of the State to
> follow established state procedure. There is no contention that
> the procedures themselves are inadequate nor is there any
> contention that it was practicable for the State to provide a
> pre-deprivation hearing. Moreover, the State of Nebraska has
> provided respondent with the means by which he can receive
> redress for the deprivation. The State provides a remedy to
> persons who believe they have suffered a tortious loss at the
> hands of the State. *See* Neb. Rev. Stat. § 81-8,209 *et seq.* (1976).
> Through this tort claims procedure the State hears and pays
> claims of prisoners housed in its penal institutions. . . . .
> Although the state remedies may not provide the respondent
> with all the relief which may have been available if he could
> have proceeded under § 1983, that does not mean that the state
> remedies are not adequate to satisfy the requirements of due
> process. The remedies provided could have fully compensated
> the respondent for the property loss he suffered, and we hold
> that they are sufficient to satisfy the requirements of due
> process.

Consequently, Littlejohn fails to state a claim that he can pursue in a civil rights case.

Second, Littlejohn cannot pursue a civil rights claim against the only named defendant — the "Pinellas County Sheriff's Office." As *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013),[*] explains, a "sheriff's department" is not a legal entity subject to suit:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

Third, Littlejohn's allegations support a claim based only on negligence, which is not actionable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (holding that plaintiff must allege more than negligence to state a claim under Section 1983); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (holding that alleged negligent failure of prison official to protect one inmate from another inmate states no claim under Section 1983); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that neither an accident nor a defendant's negligence is sufficient to state a claim).

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Fourth, although he claims that he fell, Littlejohn fails to allege that he sustained an actual physical injury. Littlejohn cannot recover damages because an actual physical injury is required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(e), which states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."

As a consequence, Littlejohn fails to state a claim upon which relief can be granted. Amendment of the action would prove futile because Littlejohn can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

Accordingly, the civil rights complaint (Doc. 1) is **DISMISSED**. The clerk must enter a judgment of dismissal against Littlejohn and close this case.

| ORDERED in Tampa, Florida, on July 2, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE